*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-239

DECEMBER TERM, 2011

| | | |
|---|---|---|
| Josef Knoff | } | APPEALED FROM: |
| | } | |
| | } | Commissioner of Labor |
| v. | } | |
| | } | |
| Josef Knoff Illuminating | } | DOCKET NO. P-16619 |

In the above-entitled cause, the Clerk will enter:

Claimant Josef Knoff appeals pro se from a ruling by the Commissioner of the Department of Labor authorizing defendant insurer to apply a previously awarded credit against a claim for temporary total disability payments for a recurrent period of disability. We affirm.

The material facts may be summarized as follows. Claimant suffered a work-related neck injury while working as a self-employed owner and operator of Illuminating Consulting Service and Supply. He received temporary total disability (TTD) benefits from February 2000 to March 2001, at which point his benefits terminated pursuant to an approved discontinuance. The carrier paid permanent partial disability (PPD) benefits and a lump sum settlement in lieu of vocational rehabilitation benefits.[1]

In July 2002, claimant sold his lighting business. As part of the transaction, claimant received twenty-five percent of the gross profits of the business from the new owner. In April 2003, claimant alleged that he experienced a recurrence of the neck injury and requested that the carrier reinstate temporary total disability benefits. In response, the carrier voluntarily advanced TTD benefits without prejudice, paying a total of $63,700 as of September 2004. At that time, the carrier filed, and the Commissioner approved, a Form 27 terminating the TTD on two distinct grounds: First, that claimant had reached a medical end in 2001 and had remained at a medical end result since that time. Second, because the claimant had not earned any wages in the twelve weeks preceding the April 2003 claim, he was not entitled to TTD.

In addition to approving the carrier's discontinuance of TTD, pursuant to 21 V.S.A. § 651, in light of her ruling, the Commissioner awarded the carrier a credit "against any future compensation" in the amount of $63,700 on account of the TTD benefits voluntarily advanced by the carrier without prejudice. Claimant did not appeal this ruling, but did apparently seek clarification regarding the applicability of the credit against future compensation. In response, a Department hearing officer issued a letter in August 2005 stating, "Our case law supports such a

---

[1] The original insurance carrier, Reliance, later became insolvent and the claim was transferred to the Vermont Property and Casualty Insurance Guaranty Association. For convenience, we shall continue to refer to the insurer as "the carrier."

deduction from permanent partial disability benefits. . . . Given the permissive language of the statute, a credit may also be taken against future TTD if the carrier presents a persuasive case for such a credit and the Commissioner approves it. However, in no event may the credit be taken against medical benefits, which do not fit within the § 651 language of 'compensation.'" Again, claimant did not appeal the hearing officer's ruling.

In December 2010, claimant alleged that he experienced a recurrence of the neck injury and applied for temporary total disability benefits for a new period of disability. The carrier responded that it would apply the previously awarded $63,700 credit against the claim. Claimant appealed the carrier's decision to the Commissioner. The carrier filed a motion for summary judgment on the issue, which claimant opposed.

In June 2011, the Commissioner issued a written ruling granting the carrier's motion for summary judgment. The Commissioner concluded that claimant was barred from challenging the merits of the previously awarded credit, noting that the argument should have been raised in the 2005 proceeding, which was now final. The Commissioner also concluded that the carrier had presented a persuasive case for applying the credit, and claimant had failed to present sufficiently strong reasons against. This pro se appeal by claimant followed.

The claimant makes two main arguments on appeal. First, he challenges the 2005 order establishing the credit. He primarily argues that the Commissioner should not have awarded the credit because the carrier failed to engage in a "good faith" and "timely investigation" in 2003 and 2004 to uncover any potential issues relating to the payments for which the credit was awarded and "chose to continue to pay TTD benefits in lieu of timely involvement." He also seems to suggest that subsequent proceedings retroactively invalidated the 2005 decision awarding the credit. Second, he argues that on the facts of this case, "there is a compelling justification against the use of the awarded credit."[2]

Claimant contends the Commissioner erred in concluding that his claims concerning the 2005 order establishing the credit were barred. The contention lacks merit. The principle of res judicata holds "that matters once tried shall be considered forever settled as between the parties." Iannarone v. Limoggio, 2011 VT 91, ¶ 14 (quotations omitted). This doctrine, also known as claim preclusion, provides that a claim will be barred from being litigated if "(1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the same proceeding." Id. ¶ 15 (quotation omitted).[3]

All of the elements for claim preclusion are present here. The 2005 judgment in which the Commissioner ruled that the payments to claimant were improper and that the carrier was

---

[2] On appeal, claimant does not challenge the Commissioner's statutory authority to apply a credit pursuant to section 651 to temporary total disability benefits; accordingly, we do not reach that issue.

[3] That the Commissioner mistakenly referred to the doctrine of collateral estoppel-- or issue preclusion—rather than res judicata does not require reversal. See Samplid Enters., Inc. v. First Vt. Bank, 165 Vt. 22, 28 (1996) (we may affirm where the lower court reached the right result even if for the wrong reason).

entitled to a credit is final. The parties are the same in both proceedings. And the claim that the carrier failed to make a timely or good faith investigation of the payments could have been raised in the earlier proceeding. As noted, claim preclusion does not require that the claim was actually litigated in the earlier action, only that it could have been litigated. Accordingly, we find no basis to disturb the Commissioner's ruling on this point.

Nor do we accept claimant's view that a decision by the Commissioner in 2006 in any way stripped the 2005 ruling of its effect with regard to the credit. In 2006, the Commissioner concluded that a cervical spine surgery recommended by claimant's doctor was causally related to the 2000 injury. The Commissioner did not in that 2006 decision back away from her prior conclusion in 2005 that from 2001 through the date of that decision claimant had been at a medical end point. And the Commissioner did not conclude that claimant was disabled from work due to the 2000 injury during the 12 weeks prior to the 2003 claim, or that her 2006 decision regarding the proposed surgery in any way superseded her 2005 ruling concerning claimant's entitlement to TTD benefits.

Finally, we conclude that the Commissioner did not err in concluding on the basis of the undisputed facts of this particular case that the policies favoring applying the credit outweighed those against.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

3